## Abstract of the Decision.

APPEAL AND ERROR, § 1746*—*when judgment affirmed where bill of exceptions stricken.* Where the bill of exceptions has been stricken from the record and no errors have been assigned upon the common-law record, the judgment will be affirmed.

---

**Henry D. Laughlin, Appellee, v. Charles H. Norton and Henry P. Norton, Appellants.**

**Gen. No. 19,412.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and judgment here with finding of facts. Opinion filed June 21, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

The court abides the conclusions reached in its former opinion in this case (187 Ill. App. 257), which was reversed by the Supreme Court (267 Ill. 476) because of an insufficient finding of facts. After restating its views in substantially the language of its former opinion, the court adds the following statement of facts:

The court finds that on January 18, 1905, appellee, Laughlin, loaned to appellants, Charles H. Norton and Henry P. Norton, the sum of $1,891.95, mentioned in a certain contract of assignment of that date between the Namekagon Land & Lumber Company and said Nortons as parties of the first part and appellee Laughlin as party of the second part, and that said money, together with other moneys of appellants, was applied on a certain contract for the purchase of lands by John H. Savage from the North Wisconsin Lumber Company, known and referred to in the record as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Contract No. 530; that prior to the making of the contract dated May 6, 1905, between appellants and appellee, hereinafter mentioned, said Laughlin elected to avail himself of and to exercise the option given him in the assignment contract of January 18, 1905, and to purchase the contract and the lands described therein; and in consideration thereof and other good and valuable consideration, appellee Laughlin agreed to release and discharge the said loan of $1,891.95.

And the court further finds that by a contract in writing entered into on May 6, 1905, the appellee, Henry D. Laughlin, agreed to pay appellants $2,046.82 (being the amount of the cash payment which the appellants had made on contract No. 530 when they acquired it) on or before two years from and after May 6, 1905, with interest thereon at the rate of five per cent. per annum to date of payment; that appellants kept and performed their agreements and covenants in said contract of May 6, 1905, but said appellee Laughlin failed to make such payment of $2,046.82, or any part thereof; that said appellee Laughlin, by a contract entered into between himself and appellants, dated October 31, 1905, agreed to pay appellants the further sum of $1,251.35 upon the performance by appellants of said last mentioned contract, and also to assume and pay five deferred payments under a certain contract known as No. 527, dated November 6, 1903, between the North Wisconsin Lumber Company and John H. Savage, mentioned and referred to in the contract of October 31, 1905; that the first of said deferred payments fell due November 6, 1905, and amounted to $1,125.80, and that said appellee delivered to appellants his check, dated October 30, 1905, for $1,125.80, in part performance of said agreement dated October 31, 1905, and that the amount so advanced was paid to the North Wisconsin Lumber Company in satisfaction of the said payment due November 6, 1905, on

said contract No. 527, and appellee was notified of such payment; that appellants performed and carried out said contract of October 31, 1905, except in the matter of the procurement of the consent of the North Wisconsin Lumber Company to the assignment to said Laughlin, provided for therein; that the procurement of the consent of said lumber company by appellants was waived by said Laughlin; that the total amount of said sums of $2,046.82 and $1,251.35, so agreed to be paid by said appellee Laughlin to said appellants, with five per cent. interest thereon to date, amounts to $4,885.58; that said appellee Laughlin advanced to appellants the sum of $1,000 on May 21, 1907, as a loan, and that said loan, with interest at five per cent. thereon to date, amounts to $1,398, which amount appellants concede in their statement of set-off and in their briefs filed herein should be credited to appellee Laughlin; and the court finds that there is a balance due appellants from appellee Laughlin of $3,487.58 after allowing all just credits.

CASTLE, WILLIAMS, LONG & CASTLE and MIGHELL, GUNSUL & ALLEN, for appellants.

DEFREES, BUCKINGHAM, RITTER & EATON, for appellee; MARQUIS EATON and DON K. JONES, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.